UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

JASON KEATON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
d/b/a "The Royal Caribbean Group"

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, JASON KEATON, is a U.S. citizen and resident and citizen of Florida.

2. Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter "Defendant"), is a corporation incorporated under the laws of Liberia having its principal place of business in Florida.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Parties are completely diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty jurisdiction as this matter presents a maritime tort.

4. Notwithstanding the application of this Court's admiralty jurisdiction, Plaintiff hereby requests an advisory jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333.

1

This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. § 1333 because Defendant unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world. Further, Defendant's cruise ticket does not reasonably explain that if the Federal Court does not have diversity jurisdiction, then the case must be brought under the Federal Court's Admiralty Jurisdiction, which ordinarily does not provide for a jury trial; and, as such, the cruise ticket does not reasonably or adequately communicate the loss of the right to a jury trial in the event diversity jurisdiction does not exist. The Saving to Suitors Clause of 28 U.S.C. § 1333 reserves to suitors "all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved. Trial by jury is an obvious, but not exclusive, example of the remedies available to suitors." *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2000)

5.  At all times material hereto, Defendant, personally or through an agent:

    a.  Operated, conducted, engaged in or carried out a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Was engaged in substantial business activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e.  Committed acts set out in this Complaint that occurred in whole or in part in this county and/or state; and/or

    f.  Issued a cruise line ticket to the Plaintiff that required that suit be brought in this Court against the named Defendant in this action.

6.  At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this State.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all claims asserted herein.

**FACTS COMMON TO ALL COUNTS**

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, the *Oasis of the Seas.*

9. At all times material, Defendant operated the *Oasis of the Seas* in navigable waters.

10. Defendant, as a common carrier, was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Oasis of the Seas*.

11. At all times material, Plaintiff was a paying passenger and lawfully aboard the *Oasis of the Seas*.

12. On February 16, 2024, the Plaintiff was in the Deck 4 Diamond Crown Lounge aboard the vessel, sitting in a chair, when the front leg of the chair Defendant provided Plaintiff to sit broke, which directly caused Plaintiff to violently fall to the floor and sustain severe bodily injuries, including a head injury, neck injury, back injury and radiating leg injury.

13. A picture of a similar chair is excerpted below:



14. The subject chair constituted a dangerous condition for reasons that include, but were not limited to:

   a. The subject chair Defendant provided to Plaintiff was not safe because it broke within seconds or minutes of Plaintiff sitting on it;

   b. The subject chair Defendant provided to Plaintiff was not safe because it could not safely support the weight of an average or reasonably expected cruise passenger;

   c. The subject chair Defendant provided to Plaintiff was not safe because Defendant did not sufficiently or periodically inspect and/or repair the subject chair;

   d. The subject chair Defendant provided to Plaintiff was not safe because it did not provide any warning as to the maximum weight the chair could safely hold.

15. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

   a. It is Defendant's policy to clean the subject area daily, including cleaning under tables, which requires movement of the subject chair by Defendant's crewmember, on daily intervals. While cleaning the subject area under the chair, Defendant's crewmember did or should have realized before Plaintiff's incident the subject chair was not safe because its front leg was not stable.

   b. Defendant placed a pillow on the subject chair which caused Plaintiff's injuries to disguise the fact that the subject chair was old and dangerous; however, the companion chair at the same table did not have a pillow on it. Based on this fact, Defendant knew or should have known the subject chair was dangerous because Defendant actively tried to disguise the worn-down nature of the chair from its passengers.

   c. Before Plaintiff's incident, other Royal Caribbean passengers had also become injured as a result of furniture that had collapsed aboard Royal Caribbean's vessels, under conditions similar to those presented in Plaintiff's case here. Based on these prior incidents, Defendant knew or should have known it needed to periodically inspect all of the furniture aboard its vessels, including the subject chair based on the factual detail about the subject chair outlined above:

      i. On June 1, 2018, a passenger aboard Royal Caribbean's *Explorer of the Seas* injured his spine when a couch he was sitting on aboard Royal Caribbean's vessel collapsed. *Elardi v. Royal Caribbean Cruises, Ltd.,* 19-25035-CIV-GRAHAM/LOUIS (S.D. Fla. 2019), [D.E. 1].

      ii. On March 24, 2023, a passenger aboard Royal Caribbean's *Freedom of the Seas* injured her neck when a chair she was sitting on while aboard Royal Caribbean's vessel tipped back. *Martin-Viana v. Royal Caribbean Cruises Ltd.*, No. 23-CV-21171, [ECF No. 1]; 2024 WL 2091979 (S.D. Fla. May 8, 2024).

      iii. On March 30, 2023, a passenger aboard Royal Caribbean's *Harmony of the Seas* injured her neck when a chair she was sitting on while aboard Royal Caribbean's vessel broke. *Lisa Hodges v. Royal Caribbean Cruises Ltd.,* Case No. 24-cv-20810-RKA (S.D. Fla. 2024) [D.E. 1]. Note that the *Harmony of the Seas* is a sister ship to the subject vessel, in that it is similarly built, and therefore Defendant should have inspected all furniture on similar vessels following this incident, and learned of the dangers associated with the subject chair.

    iv. On July 27, 2022, a passenger aboard Royal Caribbean's *Serenade of the Seas* injured his neck when a chair he was sitting on while aboard Royal Caribbean's vessel broke. *Evan Malter v. Royal Caribbean Cruises Ltd.*, Case No. 23-cv-21043-RAR (S.D. Fla. 2023), [D.E. 1].

    v. On March 18, 2023, a passenger aboard Royal Caribbean's *Grandeur of the Seas* injured his shoulder when a chair he was sitting on while aboard Royal Caribbean's vessel broke. *Randy Olinger v. Royal Caribbean Cruises Ltd.*, Case No. 24-cv-21017-CMA (S.D. Fla. 2024) [D.E. 1].

d. As per Defendant's policies and procedures, which are applicable to all of Defendant's cruise vessels, fleetwide, Defendant's crewmember did and/or should have continuously inspected and/or repaired all furniture aboard Defendant's vessels, including the subject chair, in periodic intervals; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injury, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident. Further, Defendant's policy described above is a corrective action policy to prevent incidents like Plaintiff's, because Defendant can foresee incidents like Plaintiff's based on prior similar incidents (described above); but in Plaintiff's case, Defendant did not adhere to its corrective action policy.

## COUNT I – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) above as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

17. On February 16, 2024, Defendant and/or its agents, employees and/or crewmembers breached Defendant's duty to provide the Plaintiff with reasonable care under the circumstances, through negligent acts and/or omissions that include, but were not limited to:

    a. Failure to provide Plaintiff with a reasonably safe chair to sit upon during the subject cruise;

        i. The subject chair Defendant provided to Plaintiff was not safe because it broke within a few minutes of Plaintiff sitting on it;

      ii. The subject chair Defendant provided to Plaintiff was not safe because it could not safely support the weight of an average or reasonably expected cruise passenger;

      iii. The subject chair Defendant provided to Plaintiff was not safe because Defendant did not periodically inspect and/or repair the subject chair;

   b. Failure to reasonably and/or periodically inspect and/or maintain the chair to remedy any dangerous condition.

18. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

19. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject chair.

20. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT II – FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) above as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

22. On February 16, 2024, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through negligent acts and/or omissions that include, but were not limited to:

   a. Failure to reasonably inspect and/or maintain the subject chair Defendant gave Plaintiff to sit upon during the subject cruise, as the subject chair was unsafe for reasons that include:

      i. The subject chair Defendant provided to Plaintiff was not safe because it broke within a few minutes of Plaintiff sitting on it;

      ii. The subject chair Defendant provided to Plaintiff was not safe because it could not safely support the weight of an average or reasonably expected cruise passenger;

      iii. The subject chair Defendant provided to Plaintiff was not safe because Defendant did not periodically inspect and/or repair the subject chair;

   b. Failure to reasonably and/or periodically inspect and/or maintain the chair to remedy any dangerous condition.

23. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

24. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create,

Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject chair.

25. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

### COUNT III – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) above as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

27. At all times material hereto, it was the duty of Defendant to warn passengers of dangers that were known, or reasonably should have been known, to Defendant in places where passengers are invited to or may reasonably be expected to visit.

28. On February 16, 2024, the Plaintiff was sitting in a chair in the Limelight Lounge aboard the vessel, which was a place that the Plaintiff was invited to by Defendant and a place Defendant reasonably expected the Plaintiff to be in during the subject cruise.

29. On February 16, 2024, Defendant and/or its agents, employees and/or crewmembers breached its duty to warn the Plaintiff of the dangerous conditions outlined above through negligent acts and/or omissions that include, but were not limited to:

   a. Failure to sufficiently warn the Plaintiff the subject chair was unsafe;

   b. Failure to sufficiently warn the Plaintiff of the risks and/or dangers associated with the subject chair;

   c. Failure to sufficiently warn Plaintiff as to the weight limits and/or age of the subject chair;

   d. Failure to sufficiently warn passengers and the Plaintiff of other similar accidents which previously occurred on the same or similar chair on other Defendant's vessels.

30. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

31. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject chair.

32. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or

continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

### COUNT IV – NEGLIGENCE UNDER A THEORY OF *RES IPSA LOQUITUR*

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) above as though alleged originally herein.

33. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

34. On February 16, 2024, Defendant and/or its agents, employees and/or crewmembers breached Defendant's duty to provide the Plaintiff with reasonable care under the circumstances, through negligent acts and/or omissions that include, but were not limited to:

   a. Failure to provide Plaintiff with a reasonably safe chair to sit upon during the subject cruise;
      i. The subject chair Defendant provided to Plaintiff was not safe because it broke within a few minutes of Plaintiff sitting on it;
      ii. The subject chair Defendant provided to Plaintiff was not safe because it could not safely support the weight of an average or reasonably expected cruise passenger;
      iii. The subject chair Defendant provided to Plaintiff was not safe because Defendant did not periodically inspect and/or repair the subject chair;
   b. Failure to reasonably and/or periodically inspect and/or maintain the chair to remedy any dangerous condition.

35. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

11

36. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject chair.

37. Defendant is responsible for Plaintiff's injuries under a theory of *res ipsa loquitur* based upon the following facts:

   a. <u>Plaintiff was without fault</u>; specifically, the incident occurred when Plaintiff was simply sitting in the subject chair; and, although he did not do anything to cause the incident, the subject chair Defendant provided Plaintiff to sit collapsed;

   b. <u>The subject chair which caused Plaintiff's injuries was under Defendant's exclusive control</u>; specifically, at all times material, Defendant owned, operated, controlled and maintained the vessel, including the subject chair; and

   c. <u>Plaintiff's incident is of a type that ordinarily does not occur in the absence of Defendant's negligence</u>; specifically, a chair in a lounge does not ordinarily collapse in the absence of negligent conduct on the part of the cruise line; and, further, Plaintiff anticipates, in good faith based upon prior similar incidents outlined above, that discovery will reveal the absence of an equally probable non-negligent reason for the occurrence of the Plaintiff's incident and that he was entirely without fault in causing and/or contributing the subject incident.

38. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury

Dated: January 23, 2025.

                                        Respectfully submitted,

                                        LIPCON, MARGULIES,
                                        & WINKLEMAN, P.A.
                                        *Attorneys for Plaintiff*
                                        2800 Ponce de Leon Blvd., Suite 1480
                                        Coral Gables, FL 33134
                                        Telephone: (305) 373-3016
                                        Facsimile: (305) 373-6204

                                By: */s/ Luis Alexander Perez*
                                        **LUIS ALEXANDER PEREZ**
                                        Florida Bar No. 125452
                                        aperez@lipcon.com